**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT E. STEARNS, | No. 07-16719 |
| Plaintiff - Appellant, | D.C. No. CV-00-06331-DLB |
| v. | |
| PHILLIP FLORES; et al. | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted December 19, 2011[***]

Before:      GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Scott E. Stearns, a California state prisoner, appeals pro se from the district

court's summary judgment and judgment following a jury verdict in his 42 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      Stearns and Flores consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1983 action alleging that defendants violated his constitutional rights by validating him as an associate of a gang and failing to protect him from an assault by the gang. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). We review for manifest error a district court's findings concerning juror impartiality. *Skilling v. United States*, 130 S. Ct. 2896, 2923 (2010). We affirm.

The district court properly granted summary judgment on Stearns's due process claim because there was "some evidence" to validate Stearns as a gang associate. *See Bruce*, 351 F.3d at 1287-88 (affirming summary judgment on due process claim where "'some evidence'" supported the gang validation, and explaining that the "'some evidence'" standard is met where "'there is any evidence in the record that could support the conclusion'" (citation omitted)).

We are not persuaded by Stearns's challenges to the jurors who were seated at trial on his failure-to-protect claim because the record shows at most that several jurors had acquaintances or relatives in law enforcement, and those jurors stated that they could be impartial. *See Skilling*, 130 S. Ct. at 2924 (the district court did not commit manifest error by finding that juror who stated that she thought she could be impartial was fit for trial); *Tinsley v. Borg*, 895 F.2d 520, 529 (9th Cir.

1990) (jurors are not presumed to be biased solely because they are in law enforcement or related to someone in law enforcement).

Stearns's remaining contentions, including those concerning discovery, are unpersuasive.

Stearns's "Motion for Review En Banc on Original Petition Filed," filed on December 15, 2011, is denied.

**AFFIRMED.**

07-16719